This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39811

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

      Petitioner-Appellee,

v.

**JOHNNY F.,**

      Respondent-Appellant,

and

**DOLORES F.,**

      Respondent,

**IN THE MATTER OF BREANNA F. and UZIEL F.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

ChavezLaw, LLC
Rosenda Maria Chavez
Santa Teresa, NM

Guardian Ad Litem for Breanna F.

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem for Uziel F.

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Respondent (Father) has appealed an adjudication of abuse and neglect. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Father has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore uphold the adjudication.

**{2}** As an initial matter, we acknowledge Father's contention that the docketing statement supplied insufficient information about the underlying proceedings, and his suggestion that the case be reassigned to the general calendar in order to facilitate more thorough review. [MIO 2-7] However, in this case the record provides sufficient information to permit us to consider and resolve the issues on the merits. We therefore conclude that reassignment to the general calendar is not warranted. *See generally Vill. of Angel Fire v. Wheeler*, 2003-NMCA-041, ¶ 25, 133 N.M. 421, 63 P.3d 524 (observing that, for appellate review to be meaningful, the record must only be of sufficient completeness to permit proper consideration of an appellant's claims).

**{3}** In his memorandum in opposition Father continues to challenge the sufficiency of the evidence to support the adjudication. [MIO 8-9] However, as we previously described, the record before us clearly reflects that testimony was presented which established that Father has engaged in physically and emotionally abusive behavior, which is gravely concerning. [CN 4] Although Father attempts to minimize his conduct, the district court very reasonably took a different view of the situation. We will not second-guess its assessment. *See State ex rel. Child., Youth & Fams. Dep't v. Alfonso M.-E.*, 2016-NMCA-021, ¶ 26, 366 P.3d 282 ("On appeal, this Court will not reweigh the evidence or substitute our judgment for that of the trial court on factual matters or on matters of credibility." (internal quotation marks and citation omitted)).

**{4}** Father also renews an evidentiary argument, contending that the district court erred in precluding defense counsel from questioning one of the children about her social media and computer usage. [MIO 10] In the notice of proposed summary disposition we questioned the relevance of that evidence. [CN 7] Nothing in the

memorandum in opposition persuasively addresses that concern. Accordingly, we reject the assertion of error.

**{5}** Next, Father renews a vague due process argument, suggesting that technical difficulties interfered with the quality of the hearing. [MIO 11] However, Father acknowledges that his failure to preserve the claim of error is problematic. [MIO 11] *See generally Moody v. Stribling*, 1999-NMCA-094, ¶ 45, 127 N.M. 630, 985 P.2d 1210 ("Due process claims are not exempt from the fundamental requirement of preservation."). Ultimately, we are unpersuaded that the inconvenience associated with the suggested technical difficulties could be said to have risen to the level of fundamental error. *Cf. State v. Henderson*, 1998-NMSC-018, ¶ 20, 125 N.M. 434, 963 P.2d 511 ("Judges have wide discretion in controlling the proceedings before them and a defendant is not entitled to a perfect trial.").

**{6}** Father also continues to claim that he received ineffective assistance of counsel. More specifically, he contends that his attorney's recommendation that he not attend the adjudicatory hearing was unreasonable, and he suggests that this, coupled with counsel's disclosure of confidential information to the guardian ad litem, reflects counsel's antagonism toward Father [MIO 11-13] Because there may have been a sound basis for counsel's advice, we conclude Father has not made a prima facie case of ineffective assistance of counsel. *Cf. State v. Astorga*, 2015-NMSC-007, ¶ 18, 343 P.3d 1245 (explaining that we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that a prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy or tactic to explain the counsel's conduct). Our conclusion does not bar Father from pursuing his ineffective assistance of counsel claim on remand.

**{7}** Finally, Father continues to suggest that one of the children should not have been deemed competent to testify. [MIO 14] However, in addition to failing to preserve the argument, Father presents nothing remotely persuasive to substantiate his position. We therefore remain unpersuaded.

**{8}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{9}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**